PENNSYLVANIA ICE & COAL CO. *v.* ELISCHER.

[No. 15,924. Filed June 12, 1939.]

*Davis & Eichhorn, Louis George, Norton & Rose,* and *Robert Thompson,* for appellant.

*M. J. Fagan, Robert H. Moore, L. A. Reidelbach,* and *Oscar B. Thiel,* for appellee.

LAYMON, J.—This is an appeal from a judgment awarding appellee damages for personal injuries alleged to have been sustained by her as the result of a collision between the automobile in which she was riding and appellant's truck at the intersection of 21st Avenue and Harrison Street in the city of Gary, Indiana.

The issues consisted of a complaint in one paragraph answered by a general denial. Appellant unsuccessfully moved to stay proceedings on account of a similar action having been previously instituted and dismissed without the payment of costs, but error, if any, in the overruling of said motion is expressly waived by appellant in its brief.

There was a trial by jury, resulting in a verdict for appellee. The jury returned with the general verdict answers to certain interrogatories. After overruling appellant's motion for judgment on the answers to the interrogatories, the court rendered judgment on the general verdict. Appellant then filed its motion for a new trial upon the grounds that appellee's counsel had been guilty of misconduct in interrogating the jury on their voir dire, in examining certain witnesses, and in

arguing the case before the jury; that the verdict is not sustained by sufficient evidence; that the verdict is contrary to law; that the court erred in the rejection of certain evidence; and that the court erred in the giving and refusal of each of certain instructions. This motion was overruled and excepted to, and this appeal followed. The errors assigned are the overruling of the motion for a new trial and the overruling of the motion for judgment on the answers to the interrogatories.

Appellant in its brief and its counsel in oral argument earnestly insist that the judgment of the trial court should be reversed because of alleged misconduct of appellee's counsel in impanelling the jury, in the examination of witnesses during the progress of the trial, and in arguing the case to the jury. Several remarks and statements made by counsel, which appellant claims constitute misconduct and were highly prejudicial to its rights, have been pointed out.

We will consider appellant's contentions in the order of their presentation. The first to which appellant refers is alleged misconduct of counsel in interrogating the prospective jurors by asking on their voir dire if they owned any stock in a certain insurance company. Appellant states that an objection was made to this question when it was first asked, that the objection was overruled, and that appellee was permitted to continue. The record discloses that there was no objection made when the question was asked of the first prospective juror. The objection does not appear to have been made until after the question had been propounded to the second prospective juror, the question answered in the negative, and part of another question stated. Such question as here complained of, however, was proper under the circumstances. *Beyer* v. *Safron* (1926), 84 Ind. App. 512, 151 N. E. 620.

Appellant has directed our attention to several re-

marks made by counsel for appellee during the examination of witnesses and contends that these remarks amount to misconduct. We have carefully examined the record in each instance and find that appellant, upon objecting, was either given the relief asked for or the jury was admonished by the court to disregard the remark complained of.

Appellant complains of the demonstration of a physician, while testifying as a witness for appellee, showing the limited movement of appellee's arm. Demonstrations of this character are generally proper but largely within the discretion of the trial court, and in the absence of a showing that the court abused its discretion, the error, if any, is not available.

It is also contended by appellant that appellee's counsel, during his argument to the jury, made several prejudicial statements, allusions, and epithets amounting to misconduct, which necessarily affected the verdict of the jury. Upon examination of the record we find that upon objection by opposing counsel the court immediately admonished counsel for appellee and frequently told the jury to disregard the statements of counsel which were outside the issues and instructed counsel to confine his remarks to the evidence. We think that the action of the trial court in reprimanding counsel and in instructing the jury was sufficient to counteract the harmful effect, if any, for it must be presumed that the offending attorney obeyed the admonition of the court, the contrary not appearing, and that the jurors were men of average common sense and ordinary intelligence and that they understood and obeyed the court's direction. *Louisville, New Albany and Chicago Ry. Co.* v. *Norman* (1897), 17 Ind. App. 355, 46 N. E. 702; *Roush* v. *Roush* (1900), 154 Ind. 562, 55 N. E. 1017; *N. Y. C. R. R. Co.* v. *DeLeury* (1935), 100 Ind. App. 140, 192 N. E. 125. The record further

discloses that the trial court, upon its own motion, instructed the jury that they must disregard all insinuating remarks, epithets, and voluntary statements of counsel, if any, not based upon the evidence in the case; that they should consider only the evidence which was permitted to be heard and allowed by the court; and that they should apply the law to the evidence, as given by the court in the instructions. Whether the remarks made by counsel were improper we need not decide, for appellant was given the relief it asked for, and the error, if any, was obviated by the action of the trial court in admonishing counsel and instructing the jury. The rule of procedure and the steps necessary to be taken by a litigant who is aggrieved by the misconduct of opposing counsel were properly stated in the case of *Ramseyer, Exr.* v. *Dennis* (1918), 187 Ind. 420, 116 N. E. 417, 119 N. E. 716.

It is further contended by appellant that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. It is alleged in the complaint that at the time of the accident appellant's truck was being driven by one Lelander Hughes in the business of the appellant company, as appellant's agent, servant and employee. This is a material allegation, the proof of which was essential to a recovery in appellee's favor. Appellant insists that the evidence is insufficient to invoke the maxim of respondeat superior. In passing upon the sufficiency of the evidence to sustain the verdict, we are met at the very threshold of appellee's brief with the proposition that appellant has failed to set out a condensed recital of the evidence in narrative form and has therefore waived its right to challenge the sufficiency of the evidence. There is merit in this contention. Appellant, in reciting its summary of all of the evidence, has, in a large measure, stated its conclusions of what the testimony was. Appellee has consumed several pages

of her brief referring to omissions made by appellant in its recital of the evidence. We have carefully read the evidence as it appears in the record, however. There is no question but that the truck involved in the accident was the property of appellant. It was being driven at the time by Hughes, who had, on numerous occasions previous to the date of the accident, been seen around appellant's coal yards and been driving the truck, making deliveries for appellant. One witness was asked: "And prior to the 7th of September, 1933, did you see Mr. Hughes around those (appellant's) yards? A. Yes. Q. Just tell the jury what he was doing when you saw him. A. He was doing anything that a coal driver would do—delivering coal all over the city, driving one of the Pennsylvania Ice & Coal Company's trucks." Another witness testified that there was coal in the truck at the time of the collision to the extent of approximately one-fourth of its capacity. There was other testimony to the effect that Hughes had driven the truck in question prior to the accident. It also appears that shortly after the accident appellant employed Hughes as a truck driver. Hughes stated that he had been living with his cousin, who, at the time, was in the employ of appellant as a truck driver; that on the day of the accident he (Hughes) was not working for appellant; that he heard his cousin say that a wheel on the truck had to be fixed; and that he went to appellant's coal yard, secured the truck, and, with the intention of having the tire fixed, started to drive it to the garage where the appellant company had its repair work done. Hughes denied ever having driven a truck for appellant prior to the accident. He further testified that there was no coal in the truck at the time of the collision. The president, assistant-manager, and bookkeeper of the appellant company testified that they did not know that Hughes had ever driven any of the trucks belonging to appellant,

that he had never worked for the company, and that he had never drawn any pay.

Appellant urges that testimony to the effect that Hughes had driven trucks belonging to appellant upon previous occasions might justify the inference that he was an employee of appellant, but that this inference should not be drawn in the face of the evidence introduced by appellant. In determining the sufficiency of the evidence as it appears from the record, it must be borne in mind that a fact may sometimes be established by circumstantial evidence more firmly and thoroughly than by direct evidence which is conflicting. Furthermore, it is only where the evidence offered to refute the inference sought to be drawn is apparently truthful, uncontradicted, and not at variance with other proved or admitted facts that there is no room for such inference that such fact does or does not exist. We think that the evidence cannot be reconciled to sustain appellant's theory that Hughes was a mere volunteer on the day of the accident. The question was properly left to the jury. The jury having concluded against appellant on this issue and there being some evidence to sustain the verdict, we are not permitted to disturb it.

Complaint is made of the rejection of certain testimony. The driver of the truck, while testifying as a witness, was asked: "Did anybody ask you to take the truck?" Appellee's objection that the question called for hearsay testimony was sustained after appellant's offer to prove had been made. We think that the ruling was harmless because the answer presumably sought to be elicited by this question was given by the witness in the course of his testimony.

Complaint is made of each of appellee's tendered instructions Nos. 3 and 6 which were given by the court.

Appellant insists that although they correctly state the law they are not applicable to the evidence and tend to mislead the jury. One of the issues involved was whether appellant was liable for the consequences of the acts of the driver of the truck at the time of the accident. We agree with counsel that instructions should be relevant to the issues in each particular case and applicable to the facts and circumstances therein. If there were any facts or circumstances in the case, although quite meager, to which the instructions might, upon any view, be pertinent, provided they were correct in the statement of the law, it would not be error for the court to give them, although they were so given to the jury over the objection of the complaining party. Furthermore, it is not every instance where the trial court has given an instruction not applicable to the evidence which will constitute reversible error, but it must be made further to appear that the giving of such instruction tended to injure or harm the complaining party in his substantial rights. *Stockton* v. *Stockton* (1881), 73 Ind. 510. In determining whether or not an instruction is applicable to the evidence, it is necessary to consider the evidence in its entirety, together with all reasonable inferences which might be drawn therefrom. In view of the evidence in the instant case and the many reasonable inferences which might be drawn therefrom, we conclude that the giving of the instructions would not constitute reversible error.

Complaint is made of the refusal of the trial court to give each of appellant's tendered instructions Nos. 3, 5, and 6. Instruction No. 3 related to the duty of each juror in arriving at a verdict, the giving of which instruction was within the discretion of the trial court, and no prejudicial error can be inferred from the failure to give such instruction. *Pittsburgh,*

*etc., R. Co.* v. *Collins* (1907), 168 Ind. 467, 80 N. E. 415. Instruction No. 5 was fully covered by appellant's instructions Nos. 1 and 2 given by the court. Instruction No. 6 directed a verdict for appellant. The reason urged for the giving of this instruction is the failure to prove that the driver of the truck was the agent or servant of appellant at the time of the accident. From what we have heretofore said concerning the sufficiency of the evidence, there was no error in the refusal to give this instruction.

There was no error in overruling appellant's motion for judgment upon the answers to the interrogatories. Without setting them out it is sufficient to say that the answers do not conflict with the general verdict and therefore do not justify such a judgment.

No reversible error having been shown, the judgment is affirmed.