JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY *v.*
GORDON.

[No. 16,496.   Filed March 24, 1941.]

*Frank L. Greenwald,* of Gary, for appellant.

*Calvin J. James* and *Benj. F. Wilson,* both of Gary,
for appellee.

STEVENSON, P. J.—This action was brought by the appellee, Emma Gordon, widow of Frank H. Gordon, deceased, as beneficiary in a group policy of insurance issued by the appellant to Gary Works Employee's Safety and Insurance Association, which association was composed of the employees of the Gary Works of the Illinois Steel Company, and of which, Frank H. Gordon, an employee, was a member.

The complaint alleges that the policy issued by the appellant insured the life of Frank H. Gordon to the amount of $1,000.00. The complaint further alleges, "That on or about the 15th day of August, 1932, Frank H. Gordon became ill while employed on his job at the Gary Works of the Illinois Steel Company and was taken from said job home in said sick and ill condition and that he afterwards remained sick and ill, permanently and totally disabled, for the balance of his life and until his death, which said death occurred on the 25th day of December, 1933."

The complaint contains further allegations of the presentation of claims to the appellant company within ten days following the death of the insured and concludes with a prayer for judgment in the sum of $1,000.00. To this complaint the appellant filed an answer in two paragraphs. The second paragraph of answer alleges that the employment of Frank H. Gordon was terminated on the 15th day of August, 1932, at which time he was discharged because of the reduced operation of the employer, and that no notice of disability or claim therefor was ever received by the appellant from the said Gordon; and that the policy of insurance was cancelled by said appellant on the 19th day of September, 1932, pursuant to the terms and conditions of said group policy. Upon the issues thus formed the case was submitted to a jury for trial and the jury returned a verdict in favor of the appellee in the sum

of $1,000.00. The court rendered judgment on this verdict. A motion for new trial was filed and overruled and this appeal has been perfected.

The only error assigned on appeal is the alleged error in overruling the motion for new trial. Under this assignment of error, the appellant first contends that the verdict of the jury is not sustained by sufficient evidence. The appellant calls attention to a provision of the insurance policy sued upon, which reads as follows:

"Insurance to Be Discontinued. The insurance of any Employee covered hereunder shall end when his employment with the Employer shall end except in a case where at the time of such termination the Employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. In such case the insurance will remain in force as to such Employee during the continuance of such disability for the period of three months from the date upon which the Employee ceased to work and thereafter during the continuance of such disability and while this policy shall remain in force until the Employer shall notify the Company to terminate the insurance as to such Employee."

Under this provision of the policy, the appellant contends that the evidence discloses that the deceased worked all day on August 15, 1932, and was discharged on that day because his services were no longer needed and that there is no evidence that on said day he was in any way disabled. The appellant contends that upon such termination of his employment, Frank H. Gordon was no longer a member of the association and was not insured as such. In answer to this contention, the appellee contends that the evidence discloses that Frank H. Gordon, on August 15, 1932, was ill and otherwise diseased in body, and that he was unable to work on that day because of such illness, and went home sick

and unable to work, and that he remained home sick and unable to work during the remainder of his life. That because of such disability, the policy of insurance remained in force by reason of its terms until the death of the assured.

In passing upon these contentions, our attention is necessarily directed to the evidence. In reviewing this evidence on the questions presented, we find a decided conflict. The officers and representatives of the steel company testified that the insured, Frank Gordon, was discharged on August 15, 1932, because of a reduction in force, and on such day he worked all day and was not ill or disabled. On the other hand, other witnesses testified that the insured did not work all day on the 15th day of August, 1932, but was sent home because he was sick and unable to work; that he was sick prior to August 15, 1932, and was never able to work following that date.

In view of this conflict in evidence, we cannot say that the verdict of the jury was not sustained by sufficient evidence. Under the terms of the policy of insurance above quoted, the employee was protected following the termination of his employment, if at such time he was wholly disabled. This protection continued during the period of such disability, at least for 3 months, and thereafter, during the continuance of such disability until the policy was terminated or until the employer notified the appellant to terminate the insurance as to such employee. There is no contention that a notice to terminate the insurance on Frank Gordon was ever given. It follows, therefore, that the jury had before it evidence from which it might find that the insured was disabled at the time he left the employment of the steel company, and that such disability continued, and the protection of the

insurance continued until he died. There was, accordingly, no error in overruling the appellant's request for a directed verdict at the close of all the evidence.

Complaint is made as to the giving of instructions 10, 11 and 12, given by the court on its own motion. Instructions numbered 10, 11, and 12 informed the jury that under the terms of the policy, a duty was imposed on the appellee to furnish the appellant with proof of disability or loss as a condition precedent to the right of recovery. These instructions further informed the jury that such a requirement might be waived by the appellant and that a denial of liability under the policy on the ground that the policy had terminated would amount to a waiver of the provision requiring such proof. There is evidence tending to prove that the appellant did deny liability under this policy by reason of its termination, and there was accordingly no error in the giving of these instructions. "The claim was not rejected upon the ground that the proofs were in any manner deficient. That question was therefore waived." *Mutual Trust, etc., Co.* v. *Travelers Protect. Assn.* (1914), 57 Ind. App. 329, 334, 104 N. E. 880; *Globe Life Ins. Co.* v. *Miller* (1932), 94 Ind. App. 289, 180 N. E. 689; *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305. For this reason there was no error in refusing to give appellant's tendered instruction No. 15. Other instructions are objected to because not applicable to the evidence. We think it sufficient to say that the record discloses some testimony on each subject covered by these instructions, and they were, therefore, not objectionable for the reasons stated. It is our opinion that the court did not err in overruling appellant's motion for a new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 32 N. E. (2d) 727.