CHICAGO & CALUMET DISTRICT TRANSIT CO., INC., ET AL. *v.* RADJENOVICH ET AL.

[No. 20,038. Filed December 10, 1965. Rehearing denied January 27, 1966. Transfer denied May 16, 1967.]

*Owen W. Crumpacker, Richard P. Komyatte* and *Crumpacker, Burbach & Abrahamson,* all of Hammond, and *John W. Barce* and *Barce, Barce & Vann,* both of Kentland, all for appellants.

*David P. Stanton,* of Gary, and *Stepanovich & Stevens,* of East Chicago, both for appellees.

PRIME, C. J.—This appeal was brought by the defendant below after the jury, in an action for damages arising from

personal injuries, returned a verdict favorable to the plaintiff-appellee.

The injuries are alleged to have occurred after appellee, Mrs. Soka Radjenovich, boarded appellant's bus, which had stopped at an intersection to take on passengers. While appellee was standing beside the bus driver waiting for her change, the traffic light at the intersection turned green and the bus started forward. At this time the bus was headed in a southerly direction and was proceeding in the west-curb lane. As it entered the intersection, after traveling a very few feet, a car driven by one Ruben Ramos, co-defendant below, also going south on the same street and proceeding in the lane directly east of the bus, proceeded to turn west in front of the bus. The bus came to an immediate stop, but struck the Ramos car on the right rear fender with the left front of the bus. As a result of the sudden stop the appellee was subsequently thrown to the floor of the bus.

The appellee brought action against appellant bus company and Ramos, but was unable to obtain service against Ramos, and elected to proceed against appellant alone. Her complaint charged appellant with five negligent acts: (1) That before appellee had time to reach an unoccupied seat, the bus started forward with a jerk sufficient to cause appellee to lose her balance, (2) the bus driver failed to maintain a *lookout* for other vehicles, (3) the bus driver failed to so restrict the *speed* of the bus as was necessary to avoid a collision, (4) the bus driver started the bus at a time when the same could not be done with reasonable safety, and (5) the bus driver failed to maintain *control* over the bus.

Appellant here urges specifications 1, 3, 5, 7, 8 and 10 of its overruled motion for a new trial. For the sake of brevity we shall attempt to group these specifications together as much as possible in our consideration of their merits.

Specification (1) that the verdict was not sustained by sufficient evidence, (3) that the trial court erred in denying

the motion of the appellant for a directed verdict, (8) that the giving of appellee's instruction number 8 constituted reversible error; and portions of specification (10), to-wit: the court erred in its refusal to give appellant's tendered instructions numbered 7 and 8, all involve the same basic evidence and shall be considered together.

The questioned instructions are set out below.

Appellee's instruction number 8, given by the trial court:

"I instruct you further that on the date in question, there was in full force and effect a statute of the State of Indiana, providing in part as follows:

" 'Speed regulations—(a) In every event speed shall be so restricted as may be necessary to avoid colliding with any person or vehicle or other conveyance on or near the highway in compliance with legal requirements and with the duty of all persons to use due care.'

"And so in this case, if you find by a preponderance of the evidence and as charged in the Complaint, that the defendants, at the time and place in question negligently failed to so restrict their speed as was necessary to avoid colliding with another vehicle which you find to have been on the highway in compliance with legal requirements and with the duty of all persons to use due care, and if you further find that as a proximate result of such negligence, the plaintiff was injured as stated in her Complaint and while she was exercising due care of her own safety, then the plaintiff is entitled to recover herein against the defendants."

Appellant's instruction 7 and 8, refused by the trial court, read as follows:

#7

"You are instructed that Plaintiff alleged in paragraph 4 (a) that the Plaintiff was falling because of the sudden starting of defendant's bus immediately before a collision with the automobile driven by the defendant Ruben Ramos.

"You are instructed that the Plaintiff has failed to produce any evidence that the Plaintiff, Soka Radjenovich, was falling or fell immediately before the collision with Defendant Ruben Ramos' automobile. Therefore, your finding

on this issue should be for the defendants Chicago & Calumet District Transit Company and Michael Pallick."

#8

"You are instructed that the Plaintiff alleged in paragraph 4 (c) as follows:

" '(c) said last named defendants failed to so restrict the speed of the bus as was necessary to avoid colliding with the Ramos car then in the intersection ahead of said bus as aforesaid;'

"You are instructed that the Plaintiff has failed to show that the defendants Chicago & Calumet District Transit Company and Michael Pallick failed to restrict the speed of the transit company bus and your finding on this issue should be for the defendants Chicago & Calumet District Transit Company and Michael Pallick."

Since it is an accepted rule that only one of the negligent acts charged in a complaint need be proven by the evidence in order to sustain a verdict for the plaintiff, *Danner* v. *Marquiss* (1941), 218 Ind. 441, 33 N. E. 2d 511, we will confine our discussion of the sufficiency of the evidence to that introduced concerning the speed of the bus and the alleged sudden jerking start of the bus. The discovery of sufficient evidence in these two areas would not only constitute sufficient evidence to sustain the verdict and serve to answer appellant's contentions as to the overruling of the motion for a directed verdict, but would also uphold the trial court's rulings on the instructions concerning these issues.

Turning first to the issue of speed, we find that the following facts could be reasonably inferred from the testimony. The bus had traveled a distance of 4 to 20 feet from the time of starting until the moment of collision, and had reached a speed of something not in excess of 5 miles per hour. While a speed of 5 miles per hour is certainly not excessive under normal conditions, the reference to speed in the complaint and the questioned instruction was the failure to so restrict it as was necessary to avoid collision with another vehicle.

In reference to the issue of the sudden start or jerk forward of the bus, we find that while the majority of the testimony indicated that the bus did not start with a jerk, there was some testimony to the effect that it did so start, and may have caused appellee to lose her balance.

In view, therefore, of the above stated facts we must answer appellant's specification #1 by stating the applicable rule of law as held by the court in *Baltimore & Ohio R. Co.* v. *Patrick, Admtrx.* (1960), 131 Ind. App. 105, 124, 166 N. E. 2d 654.

"This court will not weigh the evidence, but examines the record only to determine if there is *any* evidence or *reasonable or logical inferences* therefrom which will sustain the verdict. We are of the opinion that there was sufficient evidence, together with all inferences to be drawn therefrom, wherein the jury could have found against the appellants and in favor of the appellee." (Emphasis added)

And in answer to appellant's specification #3 we set out the words of the court in *Slinkard* v. *Babb, Wilson* (1954), 125 Ind. App. 76, 80, 112 N. E. 2d 876. The trial court will direct a verdict only:

"[W]here it clearly appears that the evidence fails to establish one or more of the facts essential to a recovery, and where the facts and the reasonable inferences which may be drawn therefrom are not disputed and where the *only possible inference* to be drawn therefrom is favorable to the party asking the instruction." (Emphasis added)

The above mentioned evidence being sufficient to sustain the verdict, it is also sufficient to sustain the trial court's action in giving the jury the appellee's instruction #8, on the issue of speed, and refusing appellant's tendered instructions #7 and #8, directing the court to withdraw from the jury the issues of the speed and sudden start of the bus. Where the record discloses some testimony on the subject covered by an instruction, it is not objectionable as inapplica-

ble to the evidence. *John Hancock Mut. Life Ins. Co.* v *.Gordon* (1941), 109 Ind. App. 58, 32 N. E. 2d 727.

Appellant next raises an objection to the ruling of the trial court in refusing to give appellant's tendered instructions #22 and #23, which appellant contends would have presented appellant's theory of the case to the jury. We have no argument with the general rule which holds that each party is entitled to present its theory of the case to the jury, however, after a reading of the excluded instructions followed by an examination of the wording of appellant's instruction #13, which was given, we are of the opinion that appellant's theory was properly set before the jury by the latter mentioned instruction. It is well settled that the trial court may properly refuse requested instructions when the subject matter of each was fully and adequately covered by other instructions actually given. *Kindler, etc. v. Edwards* (1955), 126 Ind. App. 261, 130 N. E. 2d 491.

Appellant next alleges error in the trial court's giving Plaintiff's Tendered Instruction No. 5. At the trial, appellant objected to said instruction on the grounds that it injected the doctrine of comparative negligence into the case. However, in the argument section of its brief, appellant argues the doctrine of degrees of negligence. Although this latter theory may have merit, we will not consider on appeal an objection to an instruction not urged in the trial court.

Appellant's final exception is directed toward the giving of appellee's instruction #7. Appellants claim that the instruction was mandatory and was erroneously given in that it failed to include an essential element. However, appellant now argues a point not raised below. Therefore, under Supreme Court Rule 1-7, appellant has waived his right to now claim error. *Westfield Gas Corporation* v. *Hill* (1960), 131 Ind. App. 558, 572, 169 N. E. 2d 726.

Consequently, based upon the reasoning stated herein, we find no error sufficient to support appellant's request for a reversal of the verdict below.

Judgment affirmed.

Carson and Faulconer, JJ., concur.

Wickens, J., not participating.

While Judge Martin participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion due to his untimely death.

NOTE.—Reported in 212 N. E. 2d 161.