371 F.2d 205
 ZIFFRIN TRUCK LINES, INC., Plaintiff-Appellant,
v.
The ARMSTRONG RUBBER COMPANY and Armstrong Rubber Mfg. Co., Defendants-Appellees.
Shellie DAGLEY, Administrator of the Estate of Charles W. Collins, Deceased, Plaintiff-Appellant,
v.
The ARMSTRONG RUBBER COMPANY and Armstrong Rubber Mfg. Co., Defendants-Appellees.
 No. 15556.
 No. 15557.
 United States Court of Appeals Seventh Circuit.
 November 30, 1966.
 
 Alan H. Lobley, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for plaintiff-appellant.
 Richard W. Yarling, Donald L. Tunnell, Yarling, Winter & Tunnell, Indianapolis, Ind., for defendants-appellees.
 Before HASTINGS, Chief Judge. MAJOR, Senior Circuit Judge, and CASTLE, Circuit Judge.
 HASTINGS, Chief Judge.
 
 
 1
 Plaintiffs-appellants, Ziffrin Truck Lines, Inc., and Shellie Dagley, administrator of the estate of Charles W. Collins, deceased, have appealed from the judgment of the district court dismissing its diversity action on the merits, following a jury verdict for defendants, The Armstrong Rubber Company and Armstrong Rubber Mfg. Co.
 
 
 2
 This is the second appeal in this cause. In the prior appeal, Dagley v. Armstrong Rubber Company, 7 Cir., 344 F.2d 245 (1965), we reversed and remanded the cause for a new trial on an issue of breach of implied warranty held erroneously dismissed by the trial court.
 
 
 3
 This cause arose when a Ziffrin truck-tractor, which had installed on its right front wheel a tire manufactured by Armstrong, went off the highway allegedly due to a tire blowout, while being driven by Collins, and turned over, killing Collins.
 
 
 4
 The only issue in this appeal is whether the trial court erred in including, over the objections of appellants, certain matters in its instruction number 16.
 
 
 5
 The pertinent parts of instruction 16 read:
 
 
 6
 "* * * and/or if you find the proximate cause of the happening was due to abnormal use of the tire or the use thereof beyond the reasonable safe period of its life expectancy; * * * and/or if you find that the tire failed and collapsed when it struck the pole or earthen embankment; * * * and/or if you find the tractor had defective equipment which proximately caused the happening; and/or if you find the tractor had abnormally defective equipment or abnormal lack of maintenance which proximately caused the tire to become defective or aggravated any existing defect or defects in such tire so as to proximately cause the happening; and/or if you find that the tire's life expectancy had expired for front wheel usage because it had reached the point of the treads having been reduced to from somewhere between one-half (½) to eighty five per cent (85%) of their original structure with the visually known worn cupping defect and which was known to the operator because of steering wheel vibration and that such proximately caused the alleged tire failure and/or caused the mechanical failure to the tractor which proximately caused the happening; then you would be warranted in finding the plaintiffs have failed to prove an essential element and/or elements of their complaints."
 
 
 7
 It is urged that this instruction was not predicated on evidence adduced at trial, that it was therefore prejudicial, allowing the jury to find that the tire failure, alleged to have been the cause of the accident, occurred for reasons not shown in evidence and not urged by the parties.
 
 
 8
 In Indiana, prejudicial error may result from an instruction on an issue formed by the pleadings and concerning which there is no evidence. Hayes Freight Lines v. Oestricher, 117 Ind.App. 143, 147, 66 N.E.2d 612, 68 N.E.2d 792 (1946). Instructions are regarded as a total charge to the jury, and if an instruction, which standing alone might be erroneous, is cured by other instructions in the charge, then no reversible error exists. Ewing v. Timmons, 135 Ind.App. 274, 277, 193 N.E.2d 497 (1963). Furthermore, instructions are proper if they are within the issues and the evidence is conflicting, cf. John Hancock Mut. Life Ins. Co. v. Gordon, 109 Ind.App. 58, 61-62, 32 N.E.2d 727 (1941), or if the instructions are "pertinent to any question of fact which the jury may properly consider under the evidence, or any legitimate inferences which may be drawn from the evidence." Schlarb v. Henderson, 211 Ind. 1, 7-8, 4 N.E.2d 205 (1936).
 
 The Indiana Appellate Court has also said:
 
 9
 "If there were any facts or circumstances in the case, although quite meager, to which the instructions might, upon any view, be pertinent, provided they were correct in the statement of the law, it would not be error for the court to give them, although they were so given to the jury over the objection of the complaining party." Pennsylvania Ice & Coal Co. v. Elischer, 106 Ind.App. 613, 621, 21 N.E.2d 436, 439 (1939).
 
 
 10
 In considering whether an instruction applies to the evidence, a trial court must consider the evidence in its entirety, together with all reasonable inferences which might be drawn from it. Elischer, supra.
 
 
 11
 Appellants argue, however, that notwithstanding the fact that, viewing the evidence in the light most favorable to the defendants, there is some evidence in the record relating to the matters covered in instruction 16, there is no evidence that these matters could possibly have been the proximate cause of the alleged blowout.
 
 
 12
 Where the determination of proximate cause depends upon a state of facts from which different men might reasonably draw different inferences or conclusions, the question of proximate cause is a question of fact for the jury. Siebeking et al. v. Ford, Admx., etc., 128 Ind. App. 475, 485, 148 N.E.2d 194 (1958). If there is any reasonable doubt as to proximate cause, it is also for the jury. Phares v. Carr, 122 Ind.App. 597, 603, 106 N.E.2d 242 (1952).
 
 
 13
 Since proximate cause is a question for the jury, and since the jury is broadly entitled to draw inferences from facts presented, we are not persuaded that, to avoid a presumption of prejudice, there must be evidence that the matters upon which the trial court instructed the jury could have or did proximately cause the blowout. The only question is whether there was sufficient evidence for the jury to consider those matters as bearing on the question of proximate cause.
 
 
 14
 While the contested instruction was rather long and may be subject to minor criticisms, we do not find it prejudicial. We conclude from an examination of the entire record, and from a reading of the instructions taken as a whole, that appellants received a fair trial and that the jury was not improperly instructed.
 
 
 15
 Appellants raise further objections to other parts of instruction 16. We have reviewed such other portions objected to. In reviewing the evidence in the light most favorable to the defendants, we find that such other portions of such instruction are not prejudicially erroneous for the reasons hereinabove stated.
 
 
 16
 In the first trial of this action on the negligence count only, the jury returned a verdict for the defendants, and this we affirmed. Dagley, supra. In the instant appeal, another jury, hearing substantially the same evidence, found for the defendants on the breach of implied warranty count. The evidence amply supports such a verdict in this case.
 
 
 17
 In reviewing the instructions as a whole, we conclude that in other instructions given, and not challenged on appeal, the issues to be determined by the jury, the burden of proof, the theory of plaintiff's complaint, the law relating to proximate cause and the resolution of conflicting testimony, resulted in the jury being fairly and adequately instructed.
 
 
 18
 The judgment appealed from is affirmed.
 
 
 19
 Affirmed.