**ST. JOSEPH BANK AND TRUST COMPANY, SOUTH BEND, INDIANA, Plaintiff,**

v.

**SUN INSURANCE COMPANY OF NEW YORK et al., Defendants.**

Civ. No. 72 S 108.

United States District Court,
N. D. Indiana,
South Bend Division.

Aug. 23, 1974.

Gerald A. Kamm, Bruce H. Stewart, Doran, Manion, Boynton & Kamm, South Bend, Ind., for plaintiff.

William T. Means, Bingham, Loughlin & Means, Mishawaka, Ind., Julius Denenberg, Denenberg, Tuffley & Thorpe, Southfield, Mich., for defendant Sun Ins. Co. of N. Y.

Frederick F. Thornburg, John T. Mulvihill, Thomas L. Murray, Thornburg, McGill, Deahl, Harman, Carey & Murray, South Bend, Ind., for defendants Detroit Ins. Agency and Alexander & Alexander.

MEMORANDUM

GRANT, District Judge.

Plaintiff brought this action against the above-named defendants seeking to recover the loss it incurred when its funds were robbed from an armored truck belonging to Indiana Armored Service, Inc. Named as defendants were Sun Insurance Company of New York and its representatives, Detroit Insurance Agency, and Alexander and Alexander, Inc., who had issued an insurance policy covering the losses of Indiana Armored Service. Although the policy did not cover this particular loss, plaintiff has alleged that Detroit Insurance Agency, a subsidiary of Alexander and Alexander, Inc., acting as agent of Sun Insurance Company, had induced the plaintiff to use the services of Indiana Armored Service, Inc., by misinforming plaintiff about the coverage in Indiana Armored Service's policy. Plaintiff alleged that defendants were liable for misinforming plaintiff, for negligently informing plaintiff of the full scope of the policy, for undertaking the responsibility of advising plaintiff about the policy and failing to do so fully and, finally, that defendants have waived their rights to assert any avoidance under the policy.

Plaintiff subsequently filed a petition for permission to file additional paragraphs of complaint, seeking to add to its complaint the allegation of fraudulent misrepresentation and a corresponding claim for punitive damages. Plaintiff's allegation of fraudulent misrepresentation closely corresponds to its allegation of misrepresentation contained in Count I of its complaint. Granting of plaintiff's petition will allow this court to consider the propriety of summary judgment in view of all of plaintiff's allegations. Accordingly, plaintiff's petition for permission to file added paragraphs of complaint is hereby granted pursuant to Rule 15(a), F.R. Civ.P., in the interest of justice.

Defendant Sun Insurance Company's motion for summary judgment alleges

that, based upon the pleadings and the depositions of plaintiff's executives, it has been established that there are no genuine issues of fact in dispute and that Defendant Sun Insurance Company is entitled to summary judgment as a matter of law. In its motion defendant argues that it has been established that (1) no material misrepresentation was made to the plaintiff, (2) the alleged misrepresentation did not induce or effect plaintiff's actions, (3) plaintiff did not rely to its detriment upon the alleged misrepresentation, (4) plaintiff would not have been justified in any reliance which it would have placed on the alleged misrepresentation, (5) the coverage under the insurance policy in question could not be expanded by waiver and estoppel, and (6) Defendant Sun Insurance Company could not be bound or held liable for any misrepresentations which Defendant Detroit Insurance Agency might have made. Defendants Detroit Insurance Agency and Alexander and Alexander, Inc., joined in Defendant Sun Insurance Company's motion for summary judgment except that they denied that summary judgment could be granted on plaintiff's sixth contention that Defendant Detroit Insurance Agency had no authority as an agent to bind Defendant Sun Insurance Company.

■ The defendants' first three contentions in support of the motions for summary judgment are all directed to the question of whether the misrepresentation alleged in plaintiff's complaint did in fact effect plaintiff's actions and thereby cause any injury to plaintiff. Plaintiff's complaint rests solely on claims of fraudulent misrepresentation, negligence and contract. In order to state a claim for fraudulent misrepresentation it is essential that there be a material misrepresentation and that a plaintiff acted to its detriment in reliance thereon. Grisson v. Moran, Ind.App., 290 N.E.2d 119, 123–124 (1972). Also, in order to assert the doctrine of estoppel there must be a representation and the plaintiff must have acted to its detriment in reliance thereon. Damler v. Baine, 114

Ind.App. 534, 51 N.E.2d 885, 889 (1943). Finally, an action for negligence requires that the negligent act be the proximate cause of plaintiff's injury. Haney v. Meyer, 139 Ind.App. 663, 215 N.E.2d 886, 889 (1966). Accordingly, it is evident that all three claims in plaintiff's complaint require that the alleged misrepresentation did in fact induce plaintiff's use of the Indiana Armored Service and thereby cause plaintiff's loss.

■ Plaintiff first began using Indiana Armored Service, Inc., to transport its funds on March 1, 1963, pursuant to a written contract. From March, 1963, until September 1, 1971, Indiana Armored Service had been insured by Insurance Company of North America, (INA). Plaintiff had been provided a copy of the insurance policy which INA issued to Indiana Armored Service in 1968. On September 1, 1971, the defendant, Sun Insurance Company of New York, issued a policy insuring Indiana Armored Service's losses in the transporting of property. In pertinent part, the policy defined its coverage as applying to property in the custody of the assured while it is on board one of the armored trucks described in the policy, *"provided the armored truck is manned by at least two (2) armed guards"*. The policy specified certain perils which were excluded from coverage and *the policy was subject to certain warranties, one of which was that there be at least two guards assigned to each armored car on all trips.* In these respects the policy was identical to the INA policy of which plaintiff had a copy. About this time Mr. Everett D. Badger, plaintiff's executive vice president and security officer, requested that Mr. John Wilcox, plaintiff's vice president and cashier, obtain and provide Mr. Badger with information concerning Indiana Armored Service's insurance. On November 5, 1971, Mr. Wilcox informed Indiana Armored Service, Inc., that the bank wanted a copy of the insurance coverage. In response to that request, Mr. Wilcox received a certificate of insurance from Detroit Insurance Agency which stated

that Indiana Armored Service, Inc., had an armored car liability policy with Sun Insurance Company of New York in the amount of $200,000.00 covering all risks of loss *except as excluded or limited in the policy*. Mr. Wilcox showed this information to Mr. Badger and then on December 8, 1971, Mr. Wilcox wrote Detroit Insurance Agency requesting more information. Mr. Wilcox stated that the bank was shipping more than $200,000.00 per day and they wanted to know if the bank was covered by the policy as long as no more than $200,000.00 was shipped in any one truck, and he also asked what "All risks of physical loss or damage to property insured, except as excluded and limited in the policy" meant. On December 13, 1971, Detroit Insurance Agency wrote Mr. Wilcox stating that each truck was insured for $200,000.00 for all property aboard and the exclusions in the policy were primarily war, earthquake and employee fidelity. Upon receipt of this letter, plaintiff made no further inquiry of anyone concerning the insurance coverage of Indiana Armored Service, Inc. On December 22, 1971, an armored truck belonging to Indiana Armored Service, Inc., was robbed while carrying plaintiff's funds. Since the truck was only manned by one guard, Sun Insurance Company has denied coverage based on the definition of coverage and warranties in the policy which required that two guards be aboard the truck. Plaintiff claims that defendants are still liable for plaintiff's loss due to the fact that they did not inform plaintiff that two guards were required on the truck.

In reply to Mr. Wilcox' inquiry, Detroit Insurance Agency described the three primary exclusions in the policy. It is evident that this statement cannot constitute a misrepresentation, negligent act or waiver, for the reason that the requirement that two guards be on the truck was not an "excluded" loss. It is undisputed that the policy provided in its definition that *coverage would be afforded "while property is in the custody of Assured for the purpose of transpor-* *tation and is actually on board one of the armored trucks described below provided the armored truck is manned by at least two (2) armed guards"*. The requirement of having two guards was again stated in the warranties of the policy; however, it was in no way part of the "Perils Excluded". This requirement which was part of the basic definition of the policy could no more be considered an excluded loss than would the requirement that the money transported be in one of the listed armored trucks. "Perils Excluded" would apply to types of loss which would be expected to be covered unless their exclusion was specifically stated in the policy. However, denial of coverage for failure to meet the requirement in question is as predictable as if the assured had failed to transport the money in one of the listed armored trucks and had instead taken the money in an ordinary automobile.

■ Furthermore, as indicated above, all three of plaintiff's theories of liability require that plaintiff must have been induced by the alleged misrepresentation to use Indiana Armored Service, Inc. However, it is clearly established from the deposition of plaintiff's executive vice president and security officer, Everett D. Badger, that the alleged misstatement had no effect on plaintiff's decision to continue to use Indiana Armored Service, Inc. Mr. Badger acknowledged that the bank hired Indiana Armored Service, Inc., in 1963, and he conducted the negotiations. From that time until 1971, Indiana Armored Service, Inc., was insured by INA and Mr. Badger had obtained a certificate of insurance and a copy of the policy and had examined both. The INA policy (copy of which has been submitted by Defendant Sun Insurance Company of New York and verified in the deposition of William J. Milliner of the St. Joseph Valley Bank, Elkhart, Indiana, which acted as agent for INA) was identical to the Sun Insurance policy in its treatment of the two-guard requirement. After having examined the INA policy and oper-

ated under it for so long, plaintiff cannot now be heard to argue that it did not even reasonably suspect that the two-guard requirement existed simply because it was not listed in defendant's list of excluded perils. More importantly, since plaintiff knowingly operated under this two-guard requirement with INA without any attempt to change the requirement or alter its relationship with Indiana Armored Service, Inc., it is evident that plaintiff would not have discontinued using Indiana Armored Service, Inc., merely because Sun Insurance also required two guards. Furthermore, Mr. Badger admitted in his deposition that he was satisfied with the coverage in the INA policy which had the identical requirement as defendant's policy. Accordingly, it has been clearly established from the testimony of plaintiff's own officer that the alleged misstatement did not induce plaintiff to continue to use Indiana Armored Service, Inc., and thereby cause plaintiff's loss.

For all of the foregoing reasons, this court finds that it has been clearly established that there is no material issue of fact in dispute and the defendants are entitled to judgment as a matter of law.