LYNN LECLERC, BY JAMES W. LECLERC, HER PARENT AND NEXT FRIEND, AND JAMES W. LECLERC *v.* MICHAEL G. DOVER.

[No. 1-674A94. Filed January 27, 1975.]

*Robert E. Marshall,* of Shelbyville, for appellant.

*J. Lee McNeely,* of Shelbyville, for appellee.

LOWDERMILK, J.—This action arose out of an automobile collision which occurred on the evening of October 7, 1968. The plaintiff-appellant, Lynn LeClerc, was a passenger in the car being driven by her friend, Rhonda Williams. The girls, along with other passengers, had attended a junior high school football game on that evening and were en route home. LeClerc requested that the driver deviate slightly from the original path and go past LeClerc's boy friend's house, and this was done.

When the automobile arrived at the intersection of Colescott and Montgomery Streets the car was stopped at a stop sign governing Colescott Street. The automobile then attempted to cross Miller Avenue in order to turn right onto Montgomery Street.

Somewhere in this intersection the collision occurred, with severe damage being done to the Williams auto and to the automobile being driven by Michael Dover, defendant-appellee. There is evidence that the Dover automobile was traveling at a speed much greater than the 30 mile per hour limit on Miller Avenue and that skid marks indicated that the Dover auto had decelerated approximately 34 miles per hour at the point of collision. There is other evidence that Dover was obeying the speed limit and did not see the Williams vehicle until it pulled directly in front of him when he was "one lot" away from the intersection. As a result of the collision LeClerc received certain personal injuries, including a possible fracture of the left ankle and a possible chip fracture of the right foot.

Trial was had to a jury, with a verdict being returned in favor of the defendant, Dover.

LeClerc first contends that the trial court erroneously excluded from evidence Plaintiff's Exhibit No. 1. Said exhibit was a diagram of the area in and around the intersection where the collision occurred. This exhibit was a part of a police report prepared by Dallas Phillips, a police officer

who investigated the collision. The diagram portrayed the scene of the collision as well as indicating the position of the automobiles before, during, and after the collision.

The primary objection to the admission of the exhibit is that the drawing purportedly portrays the actual point of impact and that such indication is conclusory in nature and based on hearsay. LeClerc contends that the exhibit does not concern the cause or responsibility for the collision and was intended to visually depict the scene of the collision as an aid to the jury's complete understanding of the factual situation.

The record discloses that the officer was permitted to testify on almost all matters depicted on the exhibit. Other evidence was presented to the jury concerning the point of impact. Thus, all information contained in the exhibit was introduced into evidence by other means.

The admission of the exhibit is a question resting in the discretion of the trial court and we find no abuse of that discretion in the refusal to admit into evidence Plaintiff's Exhibit No. 1. *Freeman* v. *King* (1967), 141 Ind. App. 655, 231 N.E.2d 161.

The second issue raised by this appeal is whether the court erred when it gave to the jury Defendant's Tendered Instruction No. 5, which reads as follows:

"Plaintiff, Lynn LeClerc Critser, as a passenger in the automobile driven by Rhonda Williams, was under an obligation to exercise reasonable care in keeping a lookout for objects within the limits of the travelled portion of the highway in front of the vehicle in which she was riding and to exercise reasonable care in warning the driver of the car of the existence of other vehicles on the highway if a reasonably careful and prudent person under the same or similar circumstances would have seen the other vehicles, realized the danger, and given warning thereof. In such a situation, failure to exercise such reasonable care would be negligence on the part of the plaintiff, Lynn LeClerc Critser."

LeClerc does not argue with the law as set out in the instruction but contends that the instruction is incomplete

and misled the jury into believing that a passenger could not rely on the driver to keep a proper lookout. It is our opinion that LeClerc is propounding a strained interpretation of the instruction. The instruction is consistent with the facts and theory of the case and is a correct statement of the law. *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N.E.2d 456.

The trial court instructed the jury on the precise point that is the basis of LeClerc's objection. Final Instruction No. 27 reads as follows:

> "The Court instructs you that a passenger in an automobile has the duty to warn the driver of a danger of which the passenger is aware, but a passenger may ordinarily rely on the assumption that the driver of the automobile will exercise proper care and caution and such passenger need not voluntarily keep a lookout for approaching automobiles."

In the case of *Adkins* v. *Elvard* (1973), 155 Ind. App. 672, 294 N.E.2d 160, Chief Judge Robertson set out the test to be used on appeal when instructions are questioned:

> "In deciding whether an instruction is erroneous we must view the instruction as a whole with all of the other instructions to determine if the party claiming error has been prejudiced."

We find no error in the giving of Defendant's Tendered Instruction No. 5.

The third issue presented by LeClerc is whether the trial court committed reversible error when it read Defendant's Tendered Instruction No. 8 to the jury. Said instruction stated:

> "I instruct you that the plaintiffs, Lynn LeClerc Critser and James LeClerc, can not recover on their complaint against the defendant, Michael G. Dover, in this case merely upon the showing of an injury to their person or property. You must not presume negligence from the mere fact of an injury."

The grounds for objection were that the instruction was repetitious and was misleading to the jury as a mere accident instruction. LeClerc relies on the case of *Price* v. *Horvath*

(1968), 142 Ind. App. 278, 233 N.E.2d 811 (and supporting cases) wherein it was held that "pure accident" instructions were improper.

It is our opinion that the instruction does not fall under the pure accident theory that was condemned in *Price, supra*. Nor does the instruction use the word "accident." Further, the language of the instruction was specifically approved by this court in the case of *Snow* v. *Cannelton Pipe Co., et al.* (1965), 138 Ind. App. 119, 210 N.E.2d 118. *Price, supra*, in no way overrules the *Snow* decision. See also *LaNoux* v. *Hagar* (1974), 159 Ind. App. 646, 308 N.E.2d 873, transfer denied August 20, 1974. Defendant's tendered Instruction No. 8 was properly given to the jury.

The fourth issue raised by the motion to correct errors is whether the trial court improperly refused to give Plaintiff's Tendered Instruction No. 2a which reads:

> "You are further instructed that as a matter of law upon the facts before you in this case, that you may not impute the negligence, if any, of the driver, Rhonda Williams Fox, to the Plaintiff in this cause, Lynn LeClerc Critser, and such issue is now withdrawn from you."

The import of LeClerc's argument is that the issue of imputed negligence was not proper in this case due to a total lack of facts to support such a theory. As will be seen the finding of imputed negligence from the driver to the passenger was possible, if at all, only on a showing of a joint enterprise between the driver and passenger. LeClerc contends that appellee had the burden to establish a joint enterprise. The crux of the argument is stated in LeClerc's brief in this way: "Not having sustained his burden the Defendant [appellee] should not have been permitted to place before the jury any argument that the negligence of the driver, if any, was the negligence of the passenger. This should not have been considered by the jury since there was no evidence to establish a joint enterprise between the driver and the Plaintiff passenger [LeClerc] as such joint enterprise is defined in the law."

It is at this point that we must take issue with the position of LeClerc. The record discloses that LeClerc tendered her Instruction No. 5 which reads as follows:

"I instruct you that should you find that Rhonda B. Williams, the driver of the automobile with whom and in which the Plaintiff, Lynn LeClerc, now Lynn Critser, was riding as a passenger at the time of the injury or injuries in question, was herself negligent, such negligence of said Rhonda B. Williams as driver cannot be imputed nor charged to or against the Plaintiff Lynn LeClerc Critser, unless you first find that the said Rhonda B. Williams and the said Lynn LeClerc Critser were then and there engaged in a joint enterprise. [In this respect, you are further advised that *a joint enterprise is an undertaking of two or more persons for their mutual benefit or pleasure. An essential element to establish a joint enterprise is the existence of joint control over the management and operation of the vehicle and over the course and conduct of the trip. There must be a community of interest in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto. As between the parties, there must be an agreement, either express or implied to that effect.* Contributory negligence of the driver cannot be imputed to a passenger or occupant where the occupant is passive and exercises no control over the operation of the vehicle or the driver.]" (Emphasis added.)

The trial court gave the first sentence of the tendered instruction as its Instruction No. 25. The remainder of the instruction was not made a part of Instruction No. 25, but the underlined portion above was given by the court as a separate instruction. We note that the underlined portion is taken verbatim from Indiana Pattern Jury Instruction No. 17.19. The court also gave Indiana Pattern Jury Instruction No. 17.21 (which relates the theory of joint enterprise to contributory negligence) as is the normal procedure.

Thus, it can be seen that the issue of imputed negligence/joint enterprise was not raised by appellee but, rather, by LeClerc herself. LeClerc requested that the jury be instructed on the issue of imputed negligence and now complains that the court refused to remove the issue from the jury via Plaintiff's Tendered Instruction No. 2a.

The net effect of the instructions tendered by LeClerc, had they been given as a group, would be to instruct the jury on the theory of imputed negligence and then remove the issue from consideration. However, the trial court interrupted this package when it refused Plaintiff's Tendered Instruction No. 2a. At this point LeClerc was faced with a decision on trial tactics. She could withdraw her Tendered Instruction No. 5 (and presumably the pattern instructions as well) or object to the giving of these instructions. If LeClerc's contention that no evidence would support the theory of imputed negligence is correct (and we are inclined to agree), then the proper procedure would be to object to any instructions relating to that issue. This was not done.

The inconsistency of LeClerc's position now becomes clear. How could LeClerc claim error of refusing to withdraw the issue via Plaintiff's Tendered Instruction No. 2a and at the same time request that the jury be instructed on the issue via Plaintiff's Tendered Instruction No. 5? This incongruity placed the trial court in an impossible position and essentially invited error (although we are convinced that such action was not intentional by LeClerc). Although the narrow question presented to this court pertains only to the refusal of Plaintiff's Tendered Instruction No. 2a, the broader issue is necessarily linked with the rest of the package of instructions related to imputed negligence/joint enterprise.

It is our opinion that when the trial court refused to give Plaintiff's Tendered Instruction No. 2a LeClerc was required to make a timely objection to the giving of the other instructions relating to imputed negligence/joint enterprise in order to preserve the issue for appeal. Having failed to so object, the issue has been waived. To hold otherwise would allow a party to lead the trial court across the bridge into the wilderness of reversible error and then burn the bridge. A party may not sit by and allow error to be committed and then attempt to take advantage of that error. *Harris* v. *State* (1973), 154 Ind. App. 129, 289 N.E.2d 344; *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827.

The next issue to be discussed in this appeal is whether the trial court erroneously refused to withdraw the issue of contributory negligence from the jury. Plaintiff's Tendered Instruction No. 4 which was refused by the court would have withdrawn that issue. LeClerc contends that no evidence to support contributory negligence by the passenger was presented at the trial.

As heretofore discussed, the passenger had the duty to exercise reasonable care to keep a lookout and to warn the driver if a reasonably careful and prudent person under the same or similar circumstances would have done so. The record in this case discloses a conflict in the evidence relating to the actions or non-actions of the passenger. There is evidence that she did not remember looking for oncoming traffic, that she saw headlights prior to the collision but thought they were two blocks away, and thought the car in which she was riding had plenty of time to cross the intersection. In her deposition, which was used for impeachment purposes, she stated that she saw the headlights prior to entering the intersection but told the driver that there was time to get across.

The conflicting evidence on the issue of contributory negligence presented a factual question that could be resolved only by the trier of fact. *Stallings et al.* v. *Dick* (1965), 139 Ind. App. 118, 210 N.E.2d 82. Thus, the trial court correctly refused Plaintiff's Tendered Instruction No. 4.

The final issue raised in this appeal is whether the decision of the trial court is contrary to law. LeClerc asserts that the preponderance of the evidence shows that she was not contributorily negligent and that appellee was negligent in several ways, which were the proximate cause of the collision.

To determine whether the decision was contrary to law, we need only follow the guidelines set down in the case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669, where our Supreme Court held as follows:

"To determine this question we will consider only the evidence most favorable to appellee, together with any reasonable inferences which may be drawn therefrom.

\* \* \*

It is only where the evidence is without conflict and can lead but to one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

As discussed earlier in this opinion the evidence relating to contributory negligence of the passenger is conflicting. We have set out the conflicting evidence relating to the alleged negligence of appellee. Thus, under the guidelines of *Pokraka, supra,* the decision of the trial court cannot be set aside as being contrary to law.

Judgment affirmed.

Hoffman and Lybrook, JJ., concur.