Barbara R. POWER, Plaintiff-Appellant,

v.

James H. BRODIE, Defendant-Appellee.

No. 1–1282A364.

Court of Appeals of Indiana,
First District.

March 29, 1984.

Rehearing Denied May 16, 1984.

bile. Mattix, believing she had seen her boyfriend's auto, and being desirous of notifying him of her whereabouts, chased the car east on Washington Street in Terre Haute, Indiana. At the same time, appellee James Brodie was proceeding southbound on 29th Street. The intersection of Washington and 29th Streets is controlled by a four-way stop. Brodie rolled through the stop and into the intersection at approximately ten miles per hour. The Mattix automobile also ran the stop and collided with Brodie's auto. At the point of impact, Mattix was travelling approximately fifty miles per hour. Power sustained a broken wrist and broken leg as a result of the accident. Her suit against Brodie resulted in a verdict for the defendant, from which she now appeals.

Frederick T. Bauer, Bauer, Miller & Weber, Terre Haute, for plaintiff-appellant.

William W. Drummy, Patrick, Gabbert, Wilkinson, Goeller & Modesitt, Terre Haute, for defendant-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Barbara Power appeals from a negative judgment of the Sullivan Circuit Court in an action for damages sustained in an automobile accident. We reverse and remand.

## FACTS

The facts most favorable to the judgment indicate that appellant was a passenger in an automobile driven by her friend Diana Mattix. Mattix's daughter was also a passenger in the backseat of the automo-

## ISSUE

Power raises one issue on appeal. Rephrased, it is as follows:

Did the trial court err in giving defendant's proffered instructions on incurred risk?

## DISCUSSION AND DECISION

The giving of defendant's instructions on incurred risk constituted reversible error.

■ Appellant argues that the trial court erred in giving certain final instructions dealing with incurred risk. She contends that such instructions were not supported by the evidence, and were, therefore, erroneously given. We are constrained to agree with appellant's contentions.[1]

■ Incurred risk is a defense to a claim of negligence, separate and distinct from the defense of contributory negligence.[2]

1. Brodie contends that because Power is appealing from a negative judgment, she may not challenge the evidence or lack thereof. While the judgment appealed from is indeed a negative judgment as to Power, the issue appealed—incurred risk—was a defense raised by Brodie. Accordingly, the burden of proving the defense rests solely upon Brodie. *Gates v. Rosenogle,* (1983) Ind.App., 452 N.E.2d 467, 474; *Colaw v. Nicholson,* (1983) Ind.App., 450 N.E.2d 1023, 1029. *Accord* Indiana Rules of Civil Procedure,

Trial Rules 8(C) and 9.1(A). Where the sufficiency of the evidence to sustain the giving of instructions on the affirmative defense is concerned, Power is not appealing from a negative judgment and cannot be held to our standard on review of negative judgments.

2. Incurred risk is generally a question of fact for the jury. *Dibortolo v. Metropolitan School District of Washington Township,* (1982) Ind. App., 440 N.E.2d 506, 511; *Moore v. Federal*

See *Kroger Co. v. Haun,* (1978) 177 Ind. App. 403, 408, 379 N.E.2d 1004, 1008, *trans. dismissed* (1979). It involves a mental state of venturousness on the part of the actor, *Gates v. Rosenogle,* (1983) Ind. App., 452 N.E.2d 467, 473; *Colaw v. Nicholson,* (1983) Ind.App., 450 N.E.2d 1023, 1029; *Kroger,* 177 Ind.App. at 409, 377 N.E.2d at 1009, and demands a subjective analysis into the actor's actual knowledge and voluntary acceptance of the risk. *Gates,* 452 N.E.2d at 473; *Colaw,* 450 N.E.2d at 1029; *Antcliff v. Datzman,* (1982) Ind.App., 436 N.E.2d 114, 120, *trans. denied; Moore v. Moriarty,* (1981) Ind. App., 415 N.E.2d 779, 782; *Kroger,* 177 Ind.App. at 409, 379 N.E.2d at 1008. "By definition ... the very essence of incurred risk is the conscious, deliberate and intentional embarkation upon a course of conduct with knowledge of the circumstances ...." *Gerrish v. Brewer,* (1979) Ind.App., 398 N.E.2d 1298, 1301. "It requires much more than the general awareness of a potential for mishap. Incurred risk contemplates acceptance of a specific risk [3] of which the plaintiff has *actual* knowledge." *Colaw,* 450 N.E.2d at 1029 (emphasis supplied). While the failure to recognize a danger or risk readily discernible to the reasonable and prudent man under like or similar circumstances may constitute contributory negligence, it cannot be said to constitute incurred risk because "it should *never* be considered a voluntary incurrence of a *known* risk." *Kroger,* 177 Ind.App. at 410, 379 N.E.2d at 1009 (emphasis supplied); ("to hold that one may voluntarily incur a risk of which he had no actual knowledge, yet was required to know in the

*Pacific Electric Co.,* (1980) Ind.App., 402 N.E.2d 1291, 1293, *trans. denied; Kroger Co. v. Haun,* (1978) 177 Ind.App. 403, 407, 379 N.E.2d 1004, 1007, *trans. denied* (1979). *Accord Moore v. Moriarty,* (1981) Ind.App., 415 N.E.2d 779, 782. Incurred risk differs from assumed risk only insofar as the latter is predicated upon the existence of a contractual relationship while the former is non-contractual in nature. *Kroger,* 177 Ind.App. at 408, 379 N.E.2d at 1008 n. 2; *Fruehauf Trailer Division v. Thornton,* (1977) 174 Ind.App. 1, 12, 366 N.E.2d 21, 30, *trans. denied* (1978).

exercise of ordinary care, is a perversion of the doctrine.")

In the instant case, Power was a passenger in an automobile driven by Mattix. While it is generally recognized that a passenger is bound to use reasonable and ordinary care under the circumstances to avoid injury to himself, *Colaw,* 450 N.E.2d at 1026, it cannot be said that Power failed to do so in this case and, thereby, incurred the risk of her injuries. There was no evidence presented from which to infer that Power had actual knowledge and voluntarily incurred the risk of being struck by another vehicle that had also run the stop sign at an intersection controlled by a four-way stop, the apparent speed of Mattix's vehicle notwithstanding. It is well settled that the trial court commits reversible error in instructing the jury on propositions of law not pertinent to the issues or applicable to the evidence. *Mullins v. Bunch,* (1981) Ind., 425 N.E.2d 164, 166; *Colaw,* 450 N.E.2d at 1029; *Hartman v. Memorial Hospital of South Bend,* (1978) 177 Ind. App. 530, 534, 380 N.E.2d 583, 585. Because the evidence offered in support of the defense of incurred risk was insufficient, as a matter of law, to support the giving of instructions on incurred risk, we conclude that the giving of such instructions by the trial court constituted reversible error. *Colaw,* 450 N.E.2d at 1029. Accordingly, we must reverse the jury's verdict and remand for a new trial.[4]

Reversed and remanded.

NEAL, P.J., and ROBERTSON, J., concur.

**3.** A specific risk involves only the ordinary and usual risks inherent in a given act. *Kroger,* 177 Ind.App. at 408, 379 N.E.2d at 1008, quoting *Stallings v. Dick,* (1965) 139 Ind.App. 118, 129, 210 N.E.2d 82, 88, *trans. denied* (1966).

**4.** Because we remand for a new trial, we do not reach appellant's contention that one of the incurred risk instructions invaded the province of the jury.