**Roy R. HENDERSON and Alice Henderson, Appellants (Plaintiffs Below),**

v.

**Garry L. HICKS, Appellee (Defendant Below).**

No. 2–683A192.

Court of Appeals of Indiana, Second District.

Oct. 11, 1984.

Rehearing Denied Dec. 4, 1984.

Douglas W. Meyer, Elmendorf, Meyer & Kieper, Plainfield, for appellants.

John D. Cochran, Jr., Rocap, Rocap, Reese & Young, Indianapolis, for appellee.

SHIELDS, Judge.

Roy O. Henderson and Alice Henderson (Hendersons) appeal from an adverse judgment rendered in favor of Garry L. Hicks (Hicks). The issue presented for our review is whether the trial court erred in giving, over objection, Hicks's final instruction number 10.

We reverse.

On October 17, 1981, at approximately 11:00 p.m., the Hendersons were travelling west on Raymond Street, approaching the intersection of Raymond Street and Holt Road in Indianapolis. Mr. Henderson was driving their car; Mrs. Henderson was a passenger. Hicks was driving south on Holt Road, also approaching the intersection. A flashing yellow light was displayed at the intersection to the traffic travelling on Raymond Street, and a flashing red light was displayed on Holt Road. The two cars collided at or near the intersection. Mr. Henderson had consumed one mixed drink before the accident, and Mrs. Henderson had knowledge of this fact.

The Hendersons brought a negligence action against Hicks for personal injuries and property damage resulting from the collision. The jury rendered a verdict in favor of Hicks; Alice Henderson appeals.

Hicks's final instruction number 10, as modified and given by the trial court, reads:

"When a person knows of a danger and knows of the risk involved and voluntarily exposes herself to such danger, that person is said to have incurred the risk of injury. Therefore, if you find that plaintiff, Alice Henderson, incurred the risk of injury by her actions in entering the automobile of her husband when she knew he had been drinking, then such conduct could be negligence. The burden of proving that plaintiff, Alice Henderson, incurred the risk of her injury is on the defendant."

Record at 416.

Mrs. Henderson argues instruction number 10 is an incurred risk instruction. As such, she asserts the instruction was erro-

neously given because there is no evidence she knew of any risk posed to her by Hicks and because the instruction advised the jury her recovery could be barred if she entered the automobile driven by her husband when she knew only that he had been "drinking". Hicks counters with the argument the instruction properly advised the jury on the defense of contributory negligence.

■ The giving of instruction number 10 constitutes reversible error both as an incurred risk instruction and as a contributory negligence instruction.

■ The instruction is erroneous as an incurred risk instruction because the record is devoid of any evidence Mrs. Henderson had actual knowledge of and incurred the risk of being struck by *Hicks's* vehicle. The doctrine of incurred risk requires actual knowledge and voluntary acceptance of a specific risk. *Power v. Brodie*, 460 N.E.2d 1241 (Ind.App.1984). In an action by a passenger in one vehicle against the alleged negligent driver of a second vehicle the specific risk is the risk created by the conduct of the driver of the *second* vehicle, who, after all, is the defendant.

Thus, in *Power*, this court reversed a judgment for the driver of the second vehicle and against the passenger in the first vehicle. Power was a passenger in a car driven by her friend Diana Mattix; she was injured when Mattix's car and James Brodie's car collided. Power sued Brodie for damages she sustained. In reversing the judgment for Brodie, this court held the trial court erroneously instructed the jury on incurred risk because there was no evidence Power had actual knowledge of and voluntarily incurred the risk of being struck by Brodie's vehicle. *See also Hartman v. Memorial Hospital of South Bend*, 177 Ind.App. 530, 534, 380 N.E.2d 583, 585 (1978).

■ If instruction number 10 presents any appropriate law, it would have to be the law of contributory negligence. In fact, we agree with Hicks's characterization of instruction number 10 as a contributory negligence instruction. Reading the instruction as a whole, it attempted to advise the jury on the issue of contributory negligence. In essence, instruction number 10 told the jury it could find Mrs. Henderson contributorily negligent if she voluntarily entered the automobile driven by her husband when she knew he had been drinking. However, the instruction is an incorrect statement of the law of contributory negligence. Knowledge of a driver's drinking, by itself, is insufficient, as a matter of law, to constitute contributory negligence on the part of a passenger. Rather for Mrs. Henderson's conduct of riding in her husband's vehicle to constitute contributory negligence, she had to know, or in the exercise of reasonable care, should have known, her husband's drinking had impaired his ability to properly operate the vehicle. *See generally* 5 Blashfield, *Automobile Law and Practice* § 215.30 (3d ed. 1966).

As explained by the Restatement (Second) of Torts § 466 (1965):

"[A] plaintiff's contributory negligence may be ...

(a) an intentional and unreasonable exposure of himself to danger created by the defendant's negligence, of which danger the plaintiff knows or has reason to know....

e. *Plaintiff entrusting his safety to incompetent person.* A common form of the type of contributory negligence dealt with ... consists of the plaintiff's entrusting his safety to a third person whom he knows to be incompetent, customarily negligent, or ill-equipped. Thus, if a plaintiff rides in an automobile *knowing* that the driver is *drunk,* ignorant of driving, or habitually reckless or careless, or that the machine has insufficient brakes or headlights, he ordinarily cannot recover against the defendant [driver of car in which plaintiff is not a passenger] through whose negligence an accident occurs if the drunkenness, incompetence, or carelessness of the driver or the bad condition of the vehicle is a

*contributing factor* in bringing about the accident." (emphasis added)

Here, based on the given instruction, the jury could have erroneously found Mrs. Henderson contributorily negligent and her recovery barred because she knew her husband had had a drink, regardless of whether her husband's ability to drive was impaired by the drink.

In fact, the undisputed evidence is Mr. Henderson had no more than one mixed drink before commencing the journey that terminated with the collision with Hicks's automobile. Impairment could not be reasonably inferred from the consumption of one drink.

Furthermore, the jury, in another instruction, was advised that if Mrs. Henderson was guilty of negligence that contributed to her damage, she could not recover. While that is a correct statement, it is not a complete statement in the instant situation because, prior to finding Mrs. Henderson's recovery was barred by her negligence (i.e., riding with Mr. Henderson when she knew his ability to operate the vehicle was impaired by alcohol), the jury had to further find Mr. Henderson's alcohol-impaired ability to operate the vehicle proximately contributed to her injuries. *Id.* Under the instructions given by the trial court, the jury could have found Mrs. Henderson's recovery barred without finding her husband's known impairment contributed to her injuries.

In summary, instruction number 10 suffers defects both as an instruction on incurred risk and contributory negligence in that it contains incorrect statements of law, and it is not supported by the evidence. Furthermore, as a contributory negligence instruction, it contains an incomplete statement as to causation.

Finally, because the erroneous instruction number 10 unquestionably influenced the jury's verdict, its giving is reversible error. *Zimmerman v. Moore,* 441 N.E.2d 690 (Ind.App.1982).

Judgment reversed and cause remanded for a new trial as to Mrs. Henderson; judgment affirmed as to Mr. Henderson.

BUCHANAN, C.J., concurs.

HOFFMAN, J. (sitting by designation), dissents, with opinion.

HOFFMAN, Judge (Sitting by Designation), dissenting.

I must respectfully dissent. The trial court did not commit any harmful error in reading to the jury defendant's tendered Instruction No. 10 pertaining to incurred risk. For this reason I would affirm the judgment of the trial court.

If it appears from the record that the law was stated with substantial accuracy, and the jury was not misled, there is no ground for reversal merely because one particular instruction or a portion thereof was technically erroneous. *Shields v. State,* (1897) 149 Ind. 395, 49 N.E. 351; *Finster v. Wray et al.,* (1960) 131 Ind.App. 303, 164 N.E.2d 660; *Burks v. Walters,* (1957) 127 Ind.App. 358, 141 N.E.2d 872. In the case at bar the jury was instructed as to the issues of negligence and contributory negligence in minute detail. The evidence introduced was more than ample to support a verdict against the Hendersons based upon a theory of contributory negligence. Thus, any error in reading defendant's tendered Instruction No. 10, pertaining to incurred risk, was harmless and does not merit reversal.

For this reason I would affirm the judgment of the trial court.