**Donna GOODHART,**
**Plaintiff-Appellant,**

v.

**BOARD OF COMMISSIONERS OF COUNTY OF PARKE, Michael Young, George Myers and Donald Rennick, as duly elected and acting County Commissioners of Parke County; and Board of Commissioners of County of Putnam, Jean Beck, John Carson and Don Walton, as duly elected County Commissioners of Putnam County, Defendants-Appellees.**

**No. 61A01–8802–CV–54.**

Court of Appeals of Indiana,
First District.

Feb. 2, 1989.

**606**

William G. Brown, Brown & Somheil, Brazil, for plaintiff-appellant.

William W. Drummy, John Christopher Wall, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, for Board of Com'rs of County of Parke.

G. Ronald Heath, Robert C. Wolf, Johnson, Smith, Densborn, Wright & Heath, Indianapolis, for Board of Com'rs of County of Putnam.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Donna Goodhart (Donna), appeals an adverse jury verdict and judgment rendered by the Parke Circuit Court in favor of defendant-appellee, Board of Commissioners of Parke County, Michael Young, George Myers, and Donald Rennick (Parke County), and defendant-appellee, the Board of Commissioners of the County of Putnam, Jean Beck, John Carson, and Don Walton (Putnam County).

We reverse.

## STATEMENT OF THE FACTS

On the evening of September 30, 1983, between 6:00 and 6:30 p.m., Donna and four other Brazil high school students embarked upon a social outing in a 1969 Chevrolet automobile. The vehicle was driven by David Reed (Reed), age ¯6, who had received his license only four months earlier. There was evidence that the car was equipped with a 327 cubic inch engine which developed 300 horse·power, making it more powerful than most cars. As the party proceeded north on the Parke and Putnam County line road (county line road), they passed through its intersection with Greencastle Road. In 1954, Putnam County had created a four-way stop at that intersection and had erected a stop sign on all four corners thereof. In the 1960's, the stop sign controlling northbound traffic had disappeared and, at the time of the accident, had not been replaced. North of the intersection there existed a drop off or dip in the county line road. After passing through the intersection, Reed lost control of the vehicle and an accident occurred killing two of the passengers and severely injuring Donna.

The evidence was conflicting as to the speed the car was traveling when the accident occurred. Reed and other witnesses testifying for Donna fixed the speed at no more than 50 to 55 miles per hour. Parke and Putnam Counties' non-eyewitnesses opined that the vehicle was traveling at speeds of up to 94 miles per hour. Reed credited the cause of the accident to the dip in the road north of the intersection which he claimed caused him to lose control of the car. There was evidence that the car had become airborne.

Donna was 15 years old at the time of the accident. She did not possess an operator's license and was riding in the back seat of the right side of the car. She had never been on the county line road between Parke and Putnam Counties, had never seen or had any knowledge of the intersection, or of the drop off to the north of it, and saw nothing concerning the intersection or the drop off at the time that could or should have caused her to be alert to

danger. Specifically, she knew nothing of the four-way stop, the missing sign, or the dip in the road. While she knew Reed from school, she had never socialized with him, *ridden with him, or ever seen him drive.* She knew nothing of the car or Reed's driving habits. During the trip, Donna paid little or no attention to the road conditions or speed, but talked to her friends. However, she was aware that the road was rough in places and had a sensation of speed. Throughout the proceedings, Donna gave statements or testified to opinions of the vehicle's speed which varied from 50 to 70 or 80 miles per hour. These were merely impressions, however, because essentially she did not know at what speed the car was traveling when the accident occurred. No one chastised Reed for his driving or asked him to slow down.

Donna brought her action against both Parke and Putnam Counties alleging they were negligent in (1) designing the road; (2) constructing the road; (3) maintaining the road; (4) failing to erect warning signs; and (5) failing to replace and maintain the stop sign controlling northbound traffic. IND.CODE 8–17–1–45, enacted in 1971, had transferred to Parke County the duty of maintaining the county line road on its eastern boundary. However, there was evidence that after 1971 Putnam County had still performed some maintenance on it. In its defense, Parke County alleged (1) denial; (2) it had no duty to erect or maintain the stop sign in question because it had never enacted an ordinance in that regard; (3) the proximate cause of the accident was the negligence of the driver Reed; (4) Donna was contributorily negligent; (5) Donna incurred the risk of injury; (6) immunity; and (7) the intervening and superseding acts of a third party, Reed. Putnam County alleged in its defense: (1) denial; (2) it had no duty toward Donna; (3) the intervening and superseding acts of the third party, Reed; and (4) immunity.

At trial and here, the principal thrust of both Parke and Putnam Counties' defense was that the proximate cause of the accident was the negligent conduct of Reed in driving at speeds of up to 94 miles per hour when he went through the intersection, causing him to lose control and the car to become airborne.

## ISSUES

Donna presents 16 issues on appeal, each challenging the instructions given at trial. Because we reverse, we will discuss only Issue III, an incurred risk instruction, and Issues V, VII, and IX, all contributory negligence instructions. We will discuss these issues together.

## DISCUSSION AND DECISION

The trial court gave Parke County's tendered Instruction No. 2 on incurred risk which read as follows:

> When a person knows of a danger, understands the risk involved and voluntarily exposes herself to such danger, that person is said to have "incurred the risk" of injury.
>
> In determining whether the plaintiff incurred the risk, you may consider the experience and understanding of the plaintiff; whether the plaintiff had reasonable opportunity to abandon or leave the vehicle; and whether a person of ordinary prudence, under the circumstances, would have refused to continue and would have abandoned the vehicle.

*Record* at 105. Donna objected to the instruction as follows:

> Plaintiff further objects to Defendant Parke County's Final Instruction No. 2 for the reason that said instruction indicates that plaintiff had a reasonable opportunity to abandon or leave the vehicle and whether a person of ordinary prudence under those circumstances would have refused to continue and would have abandoned the vehicle. This instruction is completely contrary to the evidence in that the evidence clearly showed that Donna Goodhart did not have a reasonable opportunity to abandon or leave the vehicle and no evidence was indicated which indicates she should have exercised such action. The instruction further fails to consider the elements of incurred risk as they relate to a passenger and whether the actions of the driv-

er, David Reed, were either willful or wanton misconduct that was present and plaintiff's instruction which was tendered to the jury and accurately stated the law thereon.

*Record* at 732.

The trial court also gave Parke County's tendered Instructions No. 5 and 7 regarding contributory negligence. Instruction No. 5 reads as follows:

A passenger in a vehicle is generally not required to be constantly on the lookout for unexpected danger. However, she has some duty to maintain a proper lookout, which is to say, a passenger remains under a duty to exercise reasonable care. A passenger may properly assume, absent notice to the contrary, that the driver will exercise proper care and caution. Absent notice to the contrary, she need not keep a lookout constantly for approaching vehicles but must only act as a reasonable person would in the same or similar circumstances. Nevertheless, if a passenger using reasonable care should have seen an approaching hazard enabling her to warn the driver who could then have prevented the accident it would be her duty to do so.

*Record* at 109. Donna registered the following objection:

The plaintiff objects to the Defendant Parke County's Final Instruction No. 5 for the reason that said instruction indicates that a passenger using reasonable care should have seen the approaching hazard enabling her to warn the driver who could have then prevented the accident. It would be her duty to do so. The evidence indicated that the plaintiff in this case was in the back seat talking to her friends and certainly would not have seen an approaching hazard and been in a position to warn the driver. This instruction interjects statements which were not in evidence and the jury should not have been so instructed.

*Record* at 733.

Instruction No. 7 read:

Ladies and Gentlemen of the jury, I instruct you that under the law of the State of Indiana, a child under 7 years of age cannot be guilty of contributory negligence. A child between the ages of 7 and 18 years of age is, however, bound to exercise such care for her own safety as would ordinarily be exercised by a child of like age, intelligence, knowledge, judgment and experience under the facts, circumstances and conditions disclosed by the evidence.

Therefore, if you find that the Plaintiff, Donna Goodhart, understood the dangers associated in continuing to ride as a passenger in the Reed automobile but nonetheless saw fit to continue, it is nonetheless, contributory negligence by reason of the fact that young girls, no more than adults, may voluntarily and negligently place themselves in a position of known danger, and, then charge others with responsibility for protecting them against their own voluntary acts.

*Record* at 111. Donna's objection was as follows:

The Plaintiff would further object to Defendant Parke County's Final Instruction No. 7 which places the issue of contributory negligence before the jury. The Plaintiff respectfully submits that the contributory negligence on the part of the Plaintiff is not an issue in this case and the jury should not have been so instructed.

*Record* at 734.

The trial court also gave Putnam County's Final Instruction No. 1 which read:

Ladies and Gentlemen of the jury, you may find that the conduct of the Plaintiff in entrusting her safety to David Reed constitutes contributory negligence if she knew or should have known, prior to the accident that David Reed was reckless or careless in the operation of his vehicle, and his carelessness or recklessness was a contributing factor in bringing about the accident.

*Record* at 115. Donna's objection thereto was as follows:

The Plaintiff would object to Defendant Putnam County's Final Instruction No. 1, in that there was no evidence that Donna Goodhart had ever ridden with the driver, David Reed. The instruction

states that she knew or should have known prior to the accident that David Reed was reckless and careless when in fact there was no evidence she had in fact ridden with David Reed prior to this incident. I further object because the issue of contributory negligence is not an issue in this case as it relates to Donna Goodhart as submitted by the instructions previously by the Plaintiff and does not include the law as is applicable to a guest.

*Record* at 727–28.

■ Regarding the incurred risk instruction, the cases of *Power v. Brodie* (1984), Ind.App., 460 N.E.2d 1241 and *Henderson v. Hicks* (1984), Ind.App., 469 N.E.2d 46 are dispositive. In each case the plaintiff was a passenger in an automobile being driven negligently when it collided with a car also being driven negligently by the defendant. In each case the plaintiff was aware of his driver's negligence, but wholly unaware of the risk or danger created by the defendant-driver of the second car. In actions by each plaintiff against the driver of the second car, this court held that before an incurred risk instruction is given, there must be evidence of actual knowledge on the part of the plaintiff-passenger and a voluntary acceptance of the specific risk created by the defendant-driver of the second car. Knowledge and acceptance of the risk created by the plaintiff's driver alone is not sufficient to justify the giving of an incurred risk instruction. Clearly, under the facts, the giving of the incurred risk instruction here was reversible error.

■ While Donna argues *Power* and *Henderson* in her brief, her objection to the instruction at trial did not contain such complaint. An appellant may not raise new objections to instructions on appeal but is limited to those made at trial. *Hendrickson & Sons Motor Co. v. OSHA* (1975), 165 Ind.App. 185, 331 N.E.2d 743. Nevertheless, *Power* and *Henderson* are relevant to the contributory negligence instruction upon which we base our reversal.

Regarding the instructions on contributory negligence, the question is whether there is sufficient evidence in the record to support the giving of any such instructions.

First, we are doubtful if the evidence supports an inference of contributory negligence on Donna's part as to the acts of Reed. Second, there is no evidence whatsoever to support an inference of contributory negligence on behalf of Donna as to the acts of Parke and Putnam Counties. For the purposes of this discussion we will assume *arguendo* that some evidence may exist to support an inference of contributory negligence on the part of Donna as to the acts of Reed. Thus, the question is posed: does Donna's contributory negligence as to Reed's acts constitute contributory negligence as to the acts of Parke and Putnam Counties thereby defeating her recovery from those defendants?

■ It was settled law in Indiana at the time of this accident that the negligence of a driver will not be imputed to the passenger absent facts which would make the passenger vicariously liable as a defendant, such as ability to control or joint enterprise. *Lindley v. Sink* (1940), 218 Ind. 1, 30 N.E.2d 456; *Swanson v. Slagal Adm'r.* (1937), 212 Ind. 394, 8 N.E.2d 993; *LeClerc v. Dover* (1975), 163 Ind.App. 87, 322 N.E.2d 101; 21 I.L.E. *Negligence* § 114 (1959). The rule applies to fellow servants *Swanson* and spouses *Lindley*. Where the negligence of the plaintiff's driver and of the defendant both contribute to the plaintiff's injury, the negligence of the driver will not bar recovery. *Swanson, supra.* Contributory negligence must be proven by the defendant.

■ However, a passenger is required to exercise reasonable care for his own safety and will be barred from recovery if he voluntarily rides with a driver he knows to be intoxicated, reckless, or incompetent, or unreasonably fails to warn the driver of danger which he discovers, or, in the exercise of reasonable care, should discover. A passenger is required to use that degree of care for his own safety that an ordinary prudent person in like circumstances would use. An occupant may have a duty to warn the driver of a danger of which the occupant is aware. However, an occupant may ordinarily rely on the assumption that the driver will exercise ordinary care and caution and need not generally keep a lookout for approaching danger. *Lindley, su-*

*pra; LeClerc, supra; Horton v. Sater* (1966), 140 Ind.App. 1, 221 N.E.2d 452.

■ Thus, it can be seen that any negligence on Reed's behalf cannot be imputed to Donna. If Reed and the counties were both negligent, Donna can still recover. We have found no case which addresses the problem, as did *Power* and *Henderson* as to incurred risk, of whether the contributory negligence of a plaintiff-passenger toward her non-party driver bars the plaintiff from recovering against a defendant third person toward whom the plaintiff is not contributorily negligent.

■ *Kroger Co. v. Haun* (1978), 177 Ind. App. 403, 379 N.E.2d 1004 discussed the similarities and differences between incurred risk and its sister doctrine contributory negligence. Incurred risk involves a mental state of ventureousness, while contributory negligence involves conduct which is merely careless. Incurred risk requires actual knowledge of the risk and an appreciation of the danger. It is measured by a subjective standard. On the other hand, contributory negligence contemplates an objective standard which is measured by what a reasonable man would or would not do under similar circumstances. What a plaintiff knows, or, in the exercise of reasonable care, should know, will support the defense of contributory negligence.

■ An essential element of contributory negligence is that the person to be charged therewith knew, or in the exercise of ordinary care should have know, of the circumstances or condition out of which the danger arose. A plaintiff will not be held to have been guilty of contributory negligence if it appears that she had no knowledge or means of knowledge of the danger or no duty to anticipate the hazard which in fact caused her injury. This element of knowledge is common to the doctrines of both contributory negligence and incurred risk. 57 Am.Jur.2d *Negligence* § 323 (1971).

■ The rationale of *Power* and *Henderson* is compelling to the resolution of the question here. Donna had no actual knowledge of the missing stop sign, lack of warning signs, or the dip in the road suffi-

cient to invoke an instruction on incurred risk as required under *Power* and *Henderson.* There is also no evidence that she had any basis under an objective standard as a reasonable person to know of the lack of warning signs, the missing stop sign, or the dip in the road. Other than the objective-subjective distinction discussed above, the incurred risk and contributory negligence defenses are very similar. Following the rationale of *Henderson* and *Power,* we hold that Donna was not foreclosed in her action against the counties on the basis of any contributory negligence toward Reed's conduct. Giving the instructions on contributory negligence was therefore reversible error.

As seen, the objections to the contributory negligence instructions were not as specific as they could have been. Yet, we are of the opinion that they were sufficient to preserve the issue of whether there was a lack of evidence to support giving those instructions.

For the above reasons, this cause is reversed and the trial court is directed to grant a new trial.

JUDGMENT REVERSED.

RATLIFF, C.J., and STATON, J. concur.