Gary **RICHARDSON**, Appellant
(Plaintiff Below),

v.

**MARRELL'S INC., H. Ray Marrell, d/b/a Marrell's Restaurant, and Laura Marrell, d/b/a Marrell's Restaurant,** Appellees (Defendants Below).

No. 64A03–8806–CV–194.

Court of Appeals of Indiana,
Third District.

June 12, 1989.

Saul I. Ruman, Thomas A. Clements, David M. Hamacher, Saul I. Ruman & Associates, Hammond, Ind., for appellant.

Herbert K. Douglas, Brian J. Hurley, Douglas, Douglas & Hurley, Valparaiso, Ind., for appellees.

STATON, Judge.

Gary Richardson appeals the trial court's entry of judgment on the evidence in favor of Marrell's, Inc. (Marrell's). The trial court entered judgment at the close of plaintiff's case on the basis that Richard-son incurred the risk of injury as a matter of law. Pursuant to the Order Upon Pre–Appeal Conference Call, the sole issue is whether Richardson incurred the risk as a matter of law.

We reverse.

Richardson was employed by Applewood Farms as a delivery man. On December 6, 1984, he was making a delivery to Marrell's Restaurant when he slipped and fell, injuring himself. Richardson arrived at Marrell's at approximately 9 a.m. to make his delivery. About an inch or two of snow covered the ground. The step and incline leading to the delivery door had not been cleared. Richardson placed a two-wheel cart on the step and loaded one box of poultry onto it. He then pulled the cart up the mound to the door. While attempting to open the door, he slipped on the snow and fell. Richardson filed suit against Marrell's for the injuries he received. At the close of plaintiff's evidence, Marrell's moved for judgment on the evidence which the trial court granted.

■ Initially, we note our standard of review. On appeal we use the same standard of review as the trial court in determining the propriety of a judgment on the evidence. When the trial court considers a motion for judgment on the evidence, it must view the evidence and reasonable inferences in a light most favorable to the non-moving party. *Reynolds v. Strauss–Veal, Inc.* (1988), Ind.App., 519 N.E.2d 226, *trans. denied.* The motion should only be granted when there is insufficient evidence on an essential element of the case or where a defense to the action is proved by the evidence. Where there is no real dispute in the evidence and inferences bearing on the question of incurred risk, it is for the court to say as a matter of law that the plaintiff incurred that risk. *St. Mary's Byzantine Church v. Mantich* (1987), Ind.App., 505 N.E.2d 811, 814, *trans. denied.*

■ Incurred risk is a defense to a claim of negligence, separate and distinct from the defense of contributory negligence. *Power v. Brodie* (1984), Ind.App., 460 N.E. 2d 1241, 1242, *trans. denied.* It demands a subjective analysis into the actor's actual

knowledge and voluntary acceptance of the risk. *Id.* at 1243.

The incurring of a risk must be voluntary.

"If the continued exposure to a known risk of injury is due to a lack of reasonable opportunity to escape after the danger is appreciated, or if continuance of exposure to the danger is the result of influence, circumstances, or surroundings, which are a real inducement to continue, the doctrine does not apply, since the exposure is not in a true sense voluntary."

*Ridgway v. Yenny; Ridgway v. Lombardo* (1944), 223 Ind. 16, at 22, 57 N.E. 2d 581, at 583.

*Antcliff v. Datzman* (1982), Ind.App., 436 N.E.2d 114, 119, *trans. denied.*

"The very essence of incurred risk is the conscious, deliberate and intentional embarkation upon the course of conduct with knowledge of the circumstances. It requires much more than the general awareness of a potential for mishap. Incurred risk contemplates acceptance of a specific risk of which the plaintiff has *actual* knowledge." *Beckett v. Clinton Prairie School Corp.* (1987), Ind., 504 N.E.2d 552, 554, *quoting, Power, supra,* at 1243. (Emphasis in original).

Richardson argues that from the evidence a jury could reasonably infer that he did not voluntarily incur the risk and that he did not have actual knowledge of the magnitude of the risk. The evidence is undisputed that deliveries could only be made through the rear door where Richardson fell. Richardson had made numerous deliveries to Marrell's before, however, the day of the accident was the first time he made a delivery there when snow was on the ground. There is also no dispute that, at the very least, Richardson was aware of a potential for mishap when he encountered the snow covered mound leading to the door. In fact, he reduced his normal load of two seventy-five pound boxes of poultry to one box because he thought he would not be able to pull a two box load up the mound with snow on it. He also took smaller steps while pulling the cart up the mound so that he would not slip. Richardson successfully made it up the mound to the level top. He fell while holding on to the cart with one hand and attempting to open the door with the other. He testified that he never considered not making the delivery.

We cannot conclude that these facts lead solely to the conclusion that Richardson incurred the risk. Marrell's argues that even though an alternative route for delivery did not exist, Richardson could have asked for assistance from the Marrell's employees in the restaurant at the time, or could have altered his method of getting the boxes inside such that he would not have had to pull the cart up the slippery mound. These alternatives ignore the fact that Richardson would nevertheless have to navigate the snow covered mound which presented the danger he encountered. Thus, a jury could infer that these alternatives would have had perils also. The only other choice Richardson could have made was to not deliver the poultry at all. On this point, Marrell's relies on *St. Mary's, supra,* for the proposition that Richardson voluntarily incurred the risk because there is no evidence he would suffer adverse consequences if he chose the alternative of not making the delivery.

The court in *St. Mary's* attempted to discern from prior caselaw under what circumstances a person could undertake an activity without legally incurring its risk.

In each of these cases there were strong, external compelling circumstances that induced the parties to continue their dangerous activities. In each case the injured parties had alternatives, which if chosen would have avoided the specific harm that befell them; however, these alternatives were themselves fraught with their own perils. In *Ridgway,* [*supra*], there was the danger of being stranded in bad weather. In *Coleman* [*v. DeMoss* (1969), 144 Ind.App. 408, 246 N.E.2d 483; *reh. denied*] there was a longer walk across a dangerous street, and in *Meadowlark Farms* [*Inc. v. Warken* (1978), 176 Ind.App. 437, 376

N.E.2d 122,], adopting the alternative would have breached the contract.

Mrs. Mantich's situation is entirely different. Her strong religious faith and dedication to the church were undoubtedly very real and powerful personal inducements for her to continue, for 15 years, using a ramp that she knew was dangerous. However, Mrs. Mantich's alternative courses of action, such as having another volunteer retrieve supplies from the storeroom, or even not volunteering to cook at all, did not subject her to additional physical danger nor to unacceptable legal consequences. Moreover, the inducements compelling Mrs. Mantich, while socially important, are not of the sort that should lift responsibility for one's acceptance of a known and appreciated risk, and place it on another.

*Id.* at 814.

*St. Mary's* is easily distinguishable. Richardson, unlike the plaintiff in *St. Mary's,* was not engaging in the perilous activity for personal reasons. He was making the delivery pursuant to his employment. This case involves a situation more similar to *Meadowlark Farms, supra,* and *Kroger Co. v. Haun* (1978), 177 Ind.App. 403, 379 N.E.2d 1004, *reh. denied.* In both of those cases, the court concluded that whether the danger was voluntarily encountered was a question of fact where the plaintiff was required to make the delivery as instructed by the defendant or by contractual agreement. Those cases, as the present one, involved activity pursuant to a business relationship. In such cases, the jury may infer that risks of injury are not voluntarily incurred. We conclude that the trial court erroneously entered judgment on the evidence for Marrell's and remand for further proceedings consistent with this opinion.

Reversed.

HOFFMAN, J., concurs.

GARRARD, P.J., dissents with separate opinion.

GARRARD, Presiding Judge, dissenting.

I would find under the circumstances the plaintiff incurred the risk of his injury and the judgment of the trial court should be affirmed.

I therefore dissent.